UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SORELIS NUNEZ,

                      Plaintiff,

            v.

TARGET CORPORATION,

                      Defendant.

**NOTICE OF REMOVAL**

Supreme Court
County of New York
Index No.: 156834/2024

Civil Case No. 1:24-cv-6308

PLEASE TAKE NOTICE, pursuant to 28 U.S.C. § 1441 and 1446, Defendant Target Corporation ("Defendant"), by and through its attorneys Bond, Schoeneck & King, PLLC, hereby gives notice of the removal of this matter from the Supreme Court of the State of New York, County of New York, Index No. 156834/2024, to the United States District Court for the Southern District of New York. In support of this notice, Defendant states:

**NATURE OF THE ACTION**

1.     On or about July 30, 2024, Plaintiff Sorelis Nunez ("Plaintiff"), commenced this action by filing a Summons with Notice in the Supreme Court of the State of New York, County of New York, captioned:

     *SORELIS NUNEZ, Plaintiff, v. TARGET CORPORATION, Defendant.*

A true and correct copy of the Summons with Notice is attached as **Exhibit A**.

2.     Defendant was served a copy of the Summons with Notice through service on an authorized agent of Defendant on July 31, 2024. The Affidavit of Service for Defendant is attached as **Exhibit B**.

3.      In her Summons with Notice, Plaintiff alleges, among other things, that she was discriminated against in employment on the basis of her gender and domestic violence victim status and that Defendant failed to accommodate her in violation of the New York State Human Rights Law and the New York City Human Rights Law. See Ex. A.

4.      In response to the Summons with Notice, Defendant, through its undersigned counsel, has appeared and served a Demand for Complaint on Plaintiff. A copy of the Notice of Appearance and Demand for Complaint is attached as **Exhibit C**.

5.      No other pleadings or papers have been served upon Defendant or filed on the docket for the New York State Supreme Court.

## JURISDICTION

6.      28 U.S.C. § 1441(a) provides that "any civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332(a)(1) provides that a United States District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

7.      Removal in this case is now proper because the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## THE PARTIES ARE DIVERSE

8.      This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(1) and it is one that may be removed pursuant to 28 U.S.C. §§ 1441 and 1446. More specifically, this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9.      For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The United States Supreme Court has interpreted the phrase "principal place of business" as used in this statute to "refer[] to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Also known as the corporation's "nerve center," the principal place of business "will typically be found at a corporation's headquarters." *Id*. at 81, 92-93, 95 (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and that, "in practice," it "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination, . . . and not simply an office where the corporation holds its board meetings").

10.     In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant.

11.     In the Summons with Notice, Plaintiff provides her place of residence as being New York, New York.

12.     Defendant is a foreign corporation, incorporated under the laws of the State of Minnesota, and maintains its principal place of business in Minnesota. Defendant's corporate headquarters are located in Minneapolis, Minnesota. Nearly all of Defendant's top executives work at these corporate headquarters. Defendant maintains its corporate records and controls business activities from Minneapolis, Minnesota and files its corporate income tax returns in Minnesota. Thus, Defendant meets the "nerve center" test adopted by the United States Supreme Court establishing Minnesota as the State where it maintains its principal place of business.

13.     The District Court for the Southern District of New York has found that Defendant was not a New York resident and that removal to a federal court was proper. *See, e.g., Felipe v. Target Corp.*, 572 F.Supp.2d 455, 461 (2008).

14.     Thus, diversity of citizenship exists between the parties to this action.

15.     Venue is proper in this Court because it is part of the "district and division embracing the place where" this action was filed – New York County, New York. 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

16.     Plaintiff alleges discrimination related to employment under the New York Human Rights Law and the New York City Human Rights Law.

17.     Plaintiff seeks relief in an amount no less than One Million Five Hundred Thousand Dollars ($1,500,000.00). See Ex. A.

4

18.     Accordingly, Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**<u>REMOVAL IS TIMELY AND PROPER</u>**

19.     Plaintiff filed the Summons with Notice on July 30, 2024. <u>See</u> Ex. A.

20.     Defendant was served with the Summons with Notice on July 31, 2024. <u>See</u> Ex. B.

21.     Accordingly, Defendant is removing this case within the required 30-day time period (within 30 days of service).

22.     Defendant consents to the removal of this action. A copy of Defendant's consent to removal is attached as **<u>Exhibit D.</u>**

23.     In accordance with 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Defendant will promptly: (a) file a true and correct copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York for New York County; (b) serve a true and correct copy of this Notice of Removal on Plaintiff; and (c) file with this Court a Certificate of Service and Notice to Adverse Parties of Removal to Federal Court.

24.     By virtue of this Notice of Removal, Defendant does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure, including contesting personal jurisdiction and service, or any other positions or defenses allowed under any laws or rules that are or could be applicable to this case, and Defendant reserves any and all such rights.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the Southern District of New York accept this Notice of Removal, assume jurisdiction over this action, and issue such further orders as may be necessary to effectuate removal of this action.

Dated:   August 21, 2024

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:_____
          Sanjeeve K. DeSoyza, Esq.
          Hildy M. Curtin, Esq.
*Attorneys for Defendant*
*Target Corporation*
22 Corporate Woods Blvd., Suite 501
Albany, New York 12211
T: (518) 533-3206
E: sdesoyza@bsk.com
    hcurtin@bsk.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the United States District Court for the Southern District of New York, by using the electronic filing system and that a copy of the foregoing pleading was served upon counsel for Plaintiff by e-mail the same date.

_____
Sanjeeve K. DeSoyza