UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SORELIS NUNEZ,
                          Plaintiff,

                         24 Civ. 6308 (LGS)
         -against-

                         **ORDER**
TARGET CORPORATION,
                        Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant filed a Notice of Removal on August 21, 2024, and removed this action from state court pursuant to the Court's diversity jurisdiction;

      WHEREAS, the federal courts are courts of limited jurisdiction, and "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

      WHEREAS, "the party invoking federal jurisdiction" bears the burden of "establish[ing] the existence of diversity jurisdiction."  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019).[1]

      WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within thirty days of the filing of the Notice of Removal.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).

      WHEREAS, a Notice of Removal should allege the citizenship of the parties both at the time of the commencement of the action, and at the time of the Notice of Removal.  "[T]he

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is sought to federal court." *Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (summary order); *accord Wells Advance LLC v. Carpenter*, No. 22 Civ. 9997, 2022 WL 17631813, at *1 (S.D.N.Y. Dec. 13, 2022).

WHEREAS, Defendant's Notice of Removal is procedurally defective. Defendant's Notice of Removal fails to allege the citizenship of the parties both at the time of the commencement of the action and at the time of the Notice of Removal. Defendant's Notice of Removal alleges only that "Plaintiff provides her place of residence as being New York, New York." *See Adrian Fam. Partners I*, 79 F. App'x at 491 ("It is well established that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens."); *accord Raymond v. Dias de Araujo*, No. 23 Civ. 7578, 2023 WL 8947157, at *2 (S.D.N.Y. Dec. 28, 2023).

WHEREAS, Plaintiff's complaint, filed on September 5, 2024, does not cure the defect. It states that Plaintiff is a "resident of New York" but does not state Plaintiff's citizenship. It is hereby

**ORDERED** that this matter is **REMANDED** to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447(c).

Dated: September 13, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE